CASE 7⁷—PETITION EQUITY—December 15.

## Turner, Etc. v. New Farmers' Bank's Trustee.

**APPEAL FROM MONTGOMERY CIRCUIT COURT.**

1. COLLATERAL ATTACK ON APPOINTMENT OF TRUSTEE.—The right of a trustee to sue for and collect debts owing to the trust estate can not be questioned by a defendant on the ground that the order appointing the trustee was procured by fraud; the order of appointment having been made in another action, can not be collaterally attacked.

2. RIGHT TO FILE ANSWER—PRACTICE IN CIVIL CASES.—A defendant to an action has the unqualified right to have his original answer filed if tendered in due time and in proper manner, and the plaintiff has no right to object, nor the court authority to listen to his objections to the filing.

3. CONTEMPT.—The refusal of the defendant to withdraw the answer, as directed by the court, was not an act in contempt of court, for the answer not having been filed could not have been withdrawn.

THOMAS TURNER, FOR APPELLANTS.

1. The demurrer to each separate paragraph of the petition should have been sustained; each separate paragraph of a petition should contain allegations sufficient to authorize a judgment if it stood alone. Spencer v. Babcock, 22 Barbour, 356.

2. The court erred in refusing to permit the first answer to be filed,

the same having been tendered the same day demurrer to the petition was overruled.

3. The paragraph of the answer setting up the offset against the bank prior to its assignment was certainly good, especially in view of the fact that the plaintiff's petition admitted that the defendant was entitled to some offsets.

4. The paragraph of the answer setting up as an offset attorneys' fees for services rendered the bank and its assignees after the assignent was a good plea. Wood v. Nelson, 10 B. M., 229. Gilbert v. Bartlett, 9 Bush, 52. 13 Bush 111; 4 J. J. M., 163.

5. There is no matter in the answer or in the response to the rule which was offensive or should have been to the court, and defendant's disavowal of any such intention was sufficient. Wooley's case, 11 Bush, 110.

6. The court certainly erred when the defendant presented a new answer containing a good defense without the supposed objectionable paragraph, and offered to file it and was refused.

STONE & SUDDUTH, for appellee.

1. The power and duty of the court to expunge or order a withdrawal from the record of a pleading containing objectionable matter can not be questioned. Daniel's Chancery Pleading and Practice, vol. 1, 6 Am. Ed., pages 347, 350, 351, 355 and 760. Ex parte. Sympson, 15 Vesey, 476. Story's Equity Pleadings, 10 Ed., sec's 256, 266, 270 and 862. Wood v. Morrel. 1st Johnson's Chancery (N. Y.), 103. Barbour's Chancery Practice, vol. 1, page 41. Newman's Pleading and Practice, pages 470 and 471. Bowman v. Sheldon, 5 Sandford (N. Y. Sup. Ct.), 660.

2. Appellant was in contempt not only in presenting and filing the answers but in refusing to obey the orders of the court directing their withdrawal from the record. Rapalje on Contempts, sec.'s 13, 16, 33 and 117. In re. Cohen 5 Cal., 490. Sullivan v. Judah, 4 Paige (N. Y.), 442. Moat v. Halbine, 2 Edw. (N. Y.), 180. People v. Burgen, 53 N. Y.), 404.

3. Appellant so long as he refused to obey the court's orders was in contempt, and was not entitled to take any step by way of defense to the action. Rapalje on Contempts, sec. 135 and notes. Brinkley v. Brinkley, 47 N. Y., 49. Walker v. Walker, 82 N. Y., 260.

4. Where the contempt consists in the use of disrespectful language, orally or in writing, which is of itself necessarily offensive and insulting, a mere statement that it was not intended to be disrespectful does not purge the contempt. In re. Wooley, 11 Bush, page 109. People v. Freer, 1 Caines, 480. State v. Morrell, 16

Ark., 384. *Ex parte* Robinson, 19 Wall, 510. People·y. Wilson, 54 Ill., 195. Watson v. Citizens' Saving Bank, 5 S. C., 159. Am. and Eng. Ency. of Law, vol. 3, page 799 and notes 1, 2 and 3.

5. The order appointing the trustee can not be collaterally attacked; and if it could be, the plea of fraud would be only available to one who was injuriously affected by the fraudulently obtained judgment. Civil Code, sec. 518, sub. 4 and sec. 520. Vanfleet's. Collateral attacks; secs. 3, 5 and 15. Black on Judgment, sec. 294; Paul v. Smith, 82 Ky., 54.

6. The setoff pleaded in the third paragraph for legal services was not verified in the manner required by law in respect to claims against an assigned estate. Sec. 8, art. 2, chap. 44 of General Statutes. Millet v. Watkins, 4 Bush, 642. Warfield v. Garner, 79· Ky., 587. Trabue v. Harris, 1 Met., 597. Leach v. Kendall, 13· Bush, 424.

7. The setoff for services rendered the nominal assignee is not available because the same was not a subsisting demand against the bank at the date of the assignment, and the services were not rendered in its behalf as trustee, or of an assignee who was qualified as required by law. Gen. Statutes Chap. 109; sec. 1.

8. The application for a special judge came too late, after motions had been made by the parties and acted upon by the court.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1893 the New Farmers Bank of Mt. Sterling made a deed of assignment for benefit of creditors to R. B. Young. But John Evans and others instituted an action to have him removed and another designated person appointed trustee in his stead. Columbia Finance and Trust Co., a corporation located in Louisville, was, however, appointed trustee, and, as such, brought the present action in the Montgomery Circuit Court, January 5, 1894, against Thomas Turner and his trustees, under a deed of assignment made by him and other defendants.

In the petition various items of indebtedness on account of money loaned by New Farmers Bank to Thomas Turner, amounting to about $1,300, are set up and judgment asked therefor. An injunction is also prayed for restraining him.

and the trustees from collecting and the obligors paying to them proceeds of a certain sale bond transferred by Thomas Turner to New Farmers Bank as security for the debts sued on.

January 20, 1894, being the sixth day of that term of court, Thomas Turner and the trustees tendered and moved to file their joint answer to the petition. But objection being made by plaintiff the court, on the seventeenth day of the term, overruled the motion to file the answer. At the same time the following order was made: "Said defendants and their counsel are required to withdraw said answer from the record and to replead such defense or defenses as they may have herein, leaving out the libelous and objectionable matter in the first and second paragraph of said answer, to which said defendants excepted."

On a subsequent day of the term defendants tendered and moved to file an affidavit in which it was stated that they declined to withdraw from the records the answer tendered because they believed it contained a legal defense to the action, and if withdrawn they could not appeal and test whether it was proper to be filed. They further stated that without waiving their exceptions to rulings of the court they then tendered and offered to file said answer, except first and second paragraphs thereof, as their defense to the action. But the court refused to permit the answer thus altered to be filed.

On the thirtieth day of the term a rule was ordered against Thomas Turner to answer at the next term for contempt in failing to obey the order requiring him to withdraw the answer. To all said orders a bill of exceptions was tendered,

which, however, the judge did not sign at that term of court.

On the second day of the succeeding term Thomas Turner filed response to the rule, but it was decided insufficient, and on a subsequent day he was fined $20 for the alleged contempt.

He also filed an affidavit that the presiding judge would not, on account of personal prejudice, afford him a fair trial, and asked that an election be held to choose a special judge to preside in the case. But the regular judge refused to vacate the bench or permit such election; and it may as well be now said that he, in our opinion, did right in that respect because the affidavit ought to have been filed and motion made, if at all, before the objectionable rulings were made.

On the sixth day of the April term judgment was rendered for the amount of the debt sued on, for perpetuation of the injunction, and payment to plaintiff of proceeds of the sale bond to extent of amount claimed in the petition.

We have thus presented for revision a judgment rendered against defendants as if by their default, though present in court and offering at the time and in manner prescribed by the Civil Code to file an answer containing *prima facie* a valid defense to a portion, if not whole, of the debts sued on.

To sanction proceedings of a court of justice so depriving a party of his right to plead and defend an action against him they should appear to be unquestionably legal and proper under the circumstances.

In the second and third paragraphs of the answer, which are the only parts of it objected to, the manner in which plaintiff, Columbia Finance and Trust Co., was appointed trustee of New Farmers Bank is stated, and averment made

Turner, etc., v. New Farmers' Bank's Trustee.

that the order of appointment was procured fraudulently and against protest of all parties having interest in the matter.

The facts stated would be a proper and legitimate subject of judicial investigation in an action or direct proceeding for removal of plaintiff as trustee. But those facts do not, nor can, constitute a defense to the present action because the order of appointment, having been made in another and distinct action, can not be collaterally called in question.

Nevertheless a defendant to an action has the unqualified right to have his original answer filed if tendered in due time and in proper manner. And the plaintiff has no right to object, nor the court authority to listen to his objections to the filing. In fact the plaintiff is not permitted in open court to inquire, nor the judge to officially know, what the original answer contains before being filed, if tendered at the time fixed by the Civil Code for filing it. After the answer is duly and regularly filed it is subject to inspection of the plaintiff, and he may then, as provided by section 121, move to have any irrelevant or redundant matter stricken from it or the court may then expunge anything of an insulting or scandalous character.

The error of the lower court in refusing to permit the answer to be filed was cause of the irregular proceedings which followed, resulting finally in a judgment as by default. But even if the court had been right in that respect, we see no reason why, when defendants offered to file the answer, except the first and second paragraphs, as their defense, it should not have been done. Nor do we see how their fa'lure "to withdraw the answer from the record" could have been

an act in contempt of court, or indeed how the answer could have been withdrawn when in fact it had not been made part of the record or even filed in court.

What the defendant asked and the court ought have granted at the outset was an exception of record to the ruling with a view to an appeal therefrom. But though at the first term refused, two bills of exception were at the April term of court signed by the judge, and are now before us, showing the rulings complained of and the answer tendered by defendants.

If the answer had been filed plaintiff could have moved to strike from it the first and second paragraphs, and that motion being sustained, as doubtless would have been done, the defendants could have gotten benefit of such defenses as were properly pleaded in other paragraphs of the answer. But in our opinion, by reason of the error of the court in refusing to permit the answer filed and subsequent rulings, the defendants have been deprived of substantial rights.

The judgment is, therefore, reversed and case remanded that the answer in question may be filed and other proceedings had consistent with this opinion.